# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# NEW ALBANY DIVISION

| | |
|---|---|
| RALPH BIRGE and KIMBERLY BIRGE,<br><br>Plaintiff,<br><br>v.<br><br>DITECH FINANCIAL LLC,<br><br>Defendant. | CIVIL ACTION NO. 4:18-cv-00024 |

## COMPLAINT

NOW COME the Plaintiffs, RALPH BIRGE and KIMBERLY BIRGE, by and through their attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, DITECH FINANCIAL LLC, as follows:

### NATURE OF THE ACTION

1. This is an action brought by consumers for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227

### JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Venue is proper under 28 U.S.C. §1391(b) as a substantial part of the events giving rise to the claims took place in the Southern District of Indiana.

### PARTIES

4. RALPH BIRGE and KIMBERLY BIRGE ("Ralph" individually, "Kimberly" individually, "Plaintiffs" collectively) are natural persons, over 18-years-of-age, who at all times

relevant resided at the property commonly known as 10421 North 700 West, Dupont, Indiana 47231.

5. DITECH FINANCIAL LLC ("Ditech") a mortgage company, lends and services residential mortgages. It offers a range of purchase loan options, including fixed rate, adjustable rate, jumbo, FHA, and VA loans. The company also partners with financial institutions nationwide providing capital market expertise. It offers residential mortgage products through a team of home loan specialists. Ditech Financial LLC was formerly known as Green Tree Servicing LLC and changed its name to Ditech Financial LLC in August 2015. The company was founded in 1975 and is based in Fort Washington, Pennsylvania with locations across the United States. Ditech Financial LLC operates as a subsidiary of Walter Investment Management Corp.

## FACTUAL ALLEGATIONS

6. On November 11, 1999, Plaintiffs executed a mortgage in favor of Conseco Finance Servicing Corporation ("Conseco") to secure a note in the amount of $61,675.81 ("mortgage loan") to finance the purchase of the property located at 10621 North 700 West, Dupont, Indiana 47231 ("subject property").

7. The note was payable in monthly installments of principal and interest in the amount of $474.23.

8. On or about June 21, 2000, Conseco assigned and transferred all its rights, title, and interests to U.S. Bank, National Association ("U.S. Bank").

9. Upon information and belief, Green Tree Servicing, LLC ("Green Tree") remained servicer of Plaintiffs' mortgage loan.

10. On August 31, 2015, Ditech Mortgage Corporation and Green Tree combined to form Ditech.

11. Shortly thereafter, Plaintiffs provided Ditech with their cellular telephone numbers ending in 9202 and 6312.

12. In Fall, 2017, having suffered financial hardship, Plaintiffs defaulted on their mortgage loan payments.

13. Almost immediately, Ditech initiated a relentless telephone harassment campaign, placing collection calls to Plaintiffs' cellular telephones no less than 2-3 times per day.

14. In October, 2017, Plaintiffs answered and were greeted by a noticeable period of "dead air" while Ditech's dialing system sought to connect Plaintiffs to a collection agent.

15. Plaintiffs advised the collection agent that they were working to cure the default, and politely requested that they stop calling.

16. Plaintiffs' demand that Ditech cease calls to their cellular telephones fell on deaf ears as Ditech continued to place collection calls to Plaintiff's cellular telephones.

17. In total, Ditech placed no less than 400 unconsented-to collection calls to Plaintiffs' cellular telephone numbers ending in 9202 and 6312.after they asked that the calls cease.

18. Upon information and belief, Ditech placed the collection calls to Plaintiffs' cellular telephone number ending in 9202 and 6312 using a predictive dialer, an automated telephone dialing system that is commonly used in the debt collection industry to collect defaulted mortgage loan accounts.

19. At all times relevant, Ralph was the sole operator, possessor, and subscriber of the cellular telephone number ending in 9202.

20. At all times relevant, Ralph was financially responsible for his cellular telephone equipment and services.

21. At all times relevant, Kimberly was the sole operator, possessor, and subscriber of the cellular telephone number ending in 6312.

22. At all times relevant, Kimberly was financially responsible for her cellular telephone equipment and services.

23. Ditech's collection calls have severely disrupted Plaintiffs' everyday life and overall well-being.

24. Ditech's collection calls have resulted in intrusion and occupation of Plaintiffs' cellular services, thus impeding receipt of other calls.

25. Ditech's collection calls have resulted in unnecessary depletion of Plaintiffs' cellular batteries requiring them to pay for electricity to recharge their cellular telephones.

26. Moreover, Ditech's collection calls have resulted in additional damages in the form of aggravation and frustration that accompanies unwanted calls, emotional distress, invasion of privacy, nuisance, wasting Plaintiffs' time, and increased risk of personal injury resulting from the distraction caused by the collection calls.

## CLAIMS FOR RELIEF

### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et seq*.)

27. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28. Ditech placed or caused to be placed non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiffs' cellular telephone numbers ending in 9202

and 6312 utilizing an automatic telephone dialing system ("ATDS") without Plaintiffs' consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

29. In a 2003 declaratory ruling the Federal Communications Commission ("FCC") concluded that equipment which has the capacity to "store or produce numbers and dial those numbers at random, in sequential order, from a database of numbers" qualifies as an ATDS under the statute. 18 F.C.C.R. 14014, 14091-93 (2003).

30. In 2012, the FCC stated that a predictive dialer included "any equipment that has the specified capacity to generate numbers and dial them without human intervention regardless of whether the numbers called are randomly or sequentially generated or come from calling lists." 27 F.C.C.R. at 15392 n. 5 (2012).

31. In its Order, the FCC "reiterate[d] that predictive dialers, as previously described by the commission, satisfy the TCPA's definition of an 'autodialer.'" *Id*.

32. Upon information and belief, based on the lack of prompt human response during the collection call Plaintiffs' answered, Ditech employed a predictive dialer to place collection calls to Plaintiffs' cellular telephone numbers ending in 9202 and 6312.

33. Upon information and belief, the predictive dialing system employed by Ditech transfers the call to a live collection agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

34. Ditech violated the TCPA by placing no less than 400 phone calls to Plaintiffs' cellular telephone numbers ending in 9202 and 6312 from October, 2017 through the present day utilizing an ATDS without Plaintiffs' consent.

35. As pled above, any prior consent, if any, was revoked by Plaintiffs in October, 2017 during a telephone call with Ditech.

36. As pled above, Plaintiffs were severely harmed by Ditech's collection calls to their cellular telephones.

37. Upon information and belief, Ditech has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular telephones.

38. Upon information and belief, Ditech knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiffs' expense.

39. Ditech acted through its agents, employees, and/or representatives at all times relevant.

40. As a result of Ditech's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to receive no less than $500.00 in statutory damages, for each and every violation.

41. As a result of Ditech's *knowing and willful violations* of 47 U.S.C. § 227 *et seq.*, Plaintiffs are entitled to receive no less than $1,500.00 in statutory damages, for each and every violation.

WHEREFORE, Plaintiffs request the following relief:

a. find that Ditech violated the TCPA;

b. enjoin Ditech from placing any further calls to Johnson's cellular telephone numbers ending in 9202 and 6312 in the future;

c. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and

d. grant any other relief deemed appropriate and equitable.

**Plaintiffs demand trial by jury.**

February 13, 2018                                         Respectfully submitted,

                                                          */s/ Joseph Scott Davidson*

                                                          Joseph Scott Davidson

        Mohammed Omar Badwan
        **SULAIMAN LAW GROUP, LTD.**
        2500 South Highland Avenue
        Suite 200
        Lombard, Illinois 60148
        +1 630-575-8181
        jdavidson@sulaimanlaw.com
        mbadwan@sulaimanlaw.com

        *Counsel for Ralph Birge and Kimberly Birge*